Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000421
19-MAR-2015
08:23 AM

NO. CAAP-12-0000421

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WELLS FARGO BANK, N.A., AS TRUSTEE FOR SECURITIZED ASSET BACKED
RECEIVABLES LLC TRUST 2006-FR2 MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2006-FR2, Plaintiff-Appellee, v. GEORGE KAIPO AH CHONG,
JR., Defendant-Appellant, and JOHN and MARY DOES, 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 10-1-272)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

In this appeal arising from a complaint for ejectment,
Defendant-Appellant George Kaipo Ah Chong, Jr. (Ah Chong),
appeals *pro se* from the April 17, 2012 Judgment entered by the
Circuit Court of the Third Circuit (Circuit Court)[1] in favor of
Plaintiff-Appellee Wells Fargo Bank, N.A., as Trustee for
Securitized Asset Backed Receivables LLC Trust 2006-FR2 Mortgage
Pass-Through Certificates Series 2006-FR2 (Wells Fargo).

On appeal, Ah Chong appears to argue that the Circuit
Court erred in (A) granting summary judgment because: (1) Wells
Fargo did not mediate in good faith pursuant to the Foreclosure
Mediation Pilot Project; (2) the Circuit Court did not set a time
for Ah Chong to serve and file an answer to Wells Fargo's
complaint after the failure of mediation; and (3) as a matter

_____

[1] The Honorable Greg K. Nakamura presided.

law, Wells Fargo did not present evidence that it was a holder of the October 7, 2005 Adjustable Rate Note; and (B) denying Ah Chong's Motion for Stay and Ex-Parte Motion for Immediate Emergency Stay without entering findings of fact and conclusions of law.[2]

Upon carefully reviewing the record and the briefs submitted and having given due consideration to the issues raised and arguments advanced, we initially hold that the merits of the issues raised by Ah Chong will be addressed, notwithstanding his failure to comply with the requirements of Hawai'i Rules of Appellate Procedure Rule 28(b), inasmuch as this court favors a policy of affording pro se litigants the opportunity to have their cases heard on the merits, where possible. Housing Fin. & Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85-86, 979 P.2d 1107, 1111-12 (1999).

A. The Circuit Court did not err in granting Wells Fargo's motion for summary judgment.

1. Ah Chong has failed to support his claim that Wells Fargo failed to mediate in good faith. It appears that Wells Fargo participated in the mediation and that a tentative "cash for keys" agreement had been reached, but that, a year later, Ah Chong was still on the property and had not signed the documents finalizing the agreement.

2. Ah Chong also argues that the Circuit Court never set a time frame in which he could file his answer to the complaint or dispositive motions as provided in the "Order Establishing Foreclosure Mediation Pilot Project in the Third Circuit of the State of Hawai'i." (Order) In re Foreclosure Mediation Pilot Project, (September 29, 2009).[3] As Ah Chong

---

[2] Ah Chong also argues that his appeal is adversely affected by the Circuit Court clerk's failure to add the transcript from the March 22, 2012 hearing on Wells Fargo's February 16, 2012 Motion for Summary Judgment to the Record on Appeal. However, this transcript was filed with this court, as docket number 48, on November 19, 2012, three days after he ordered the transcript for the purposes of the record on appeal.

[3] This Pilot Project has been extended until further order of the Hawaii Supreme Court. "Order Modifying and Extending the Foreclosure Mediation Pilot Project in the Third Circuit Court of the State of Hawai'i," In re Foreclosure Mediation Pilot Project, SCMF-10-0000108 (March 27, 2012) http://www.courts.state.hi.us/courts/SCt_VariousOrders.html.

recognizes, the Circuit Court did not learn the parties were unsuccessful in mediating the case--thereby triggering the need to set the time frame--until the hearing on the motion for summary judgment. More importantly, Ah Chong never contested in the Circuit Court the right of Wells Fargo to file the summary judgment motion, never objected to the Circuit Court that it had failed to set a time frame for an answer or dispositive motions, and does not explain why the failure to set such a time frame prevented him from responding to the motion. The transcript of the summary judgment hearing reveals that Ah Chong defaulted on the loan when he depleted his financial resources and "had no resources to pursue legal advice." He did not ask for more time to respond and does not now identify any defenses he would have raised had he been given time. Therefore, we conclude that Ah Chong waived his arguments about setting a time frame and also any error in failing to set a time frame to file an answer or dispositive motion was harmless.

3.      Finally, Ah Chong's point of error regarding the Adjustable Rate Note lacks merit. On March 1, 2010, Wells Fargo served Ah Chong with a "Notice of Mortgagee's Non-Judicial Foreclosure Under Power of Sale" which set the foreclosure sale date for April 29, 2010. At that time, non-judicial foreclosures were governed by Hawaii Revised Statutes (HRS) § 667-5 (2008). HRS § 667-5 (2008) permits a mortgagee with a power of sale to conduct a non-judicial foreclosure upon breach if conducted pursuant to that statute's requirements. In particular, HRS § 667-5 (2008) requires the mortgagee's attorney to give proper notice to several parties and to file in the bureau of conveyances an affidavit setting forth the mortgagee's acts. See HRS § 667-5(a), (b), (d). Ah Chong appears to argue that Wells Fargo failed to show it had possession of the note underlying the mortgage. We disagree. Wells Fargo submitted the Mortgagee's Affidavit of Foreclosure Under Power of Sale (Mortgagee's Affidavit) as an exhibit to its summary judgment motion, which states that Wells Fargo is the holder of the Adjustable Rate Note. Ah Chong never objected to the admission of the Mortgagee's Affidavit and under HRS § 667-8, the Mortgagee's

Affdavit was admissible as evidence that the power of sale was duly executed. We therefore conclude Ah Chong's argument to be without merit.

B. As we have rejected Ah Chong's challenges to the granting of summary judgment, his argument regarding the failure of the Circuit Court to issue findings in support of its denial of a stay pending appeal is moot.

Therefore, the April 17, 2012 Judgment entered by the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 19, 2015.

On the briefs:

George Kaipo Ah Chong, Jr.,
Defendant-Appellant, *pro se.*

Gary Y. Okuda
(Leu Okuda & Doi)
for Plainitff-Appellee.

Presiding Judge

Associate Judge

Associate Judge